646 A.2d 618

ACE ROBBINS, INC., Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (BULLOCK), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 29, 1994.

Decided July 25, 1994.

Brian J. Lenahan, for petitioner.

Donald C. Ligorio, for respondent.

Before DOYLE and NEWMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Ace Robbins, Inc. (Employer) appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision awarding benefits to Joseph J. Bullock, Sr. (Claimant) pursuant to the Pennsylvania Workers' Compensation Act (Act).[1]

Following are the relevant facts. Claimant worked as a master plumbing and heating technician for Employer from 1971 until October 5, 1982, when he began his own contracting business, Joseph Bullock Plumbing and Heating, a sole proprietorship. In February of 1988, Claimant began feeling ill and consulted his family physician. That physician referred Claimant to Dr. Melvin Oram, M.D., on March 24, 1988. Dr. Oram diagnosed Claimant as having malignant mesothelioma of the upper lobe of his left lung.[2] After hearing Claimant's employment history, Dr. Oram informed Claimant that he had lung cancer resulting from exposure to asbestos.[3] On March 24, 1988, Dr. Hamzawi, a surgeon, performed a thoracotomy on Claimant, in which he removed the tumor and the upper lobe of Claimant's left lung.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. There was some dispute whether Claimant had a malignant mesothelioma or a pleomorphic sarcoma, not directly at issue in this case.

3. Such cancer is specifically recognized as an occupational disease by Section 108(*l*) of the Act, 77 P.S. § 27.1(*l*).

As a result of part of his lung being removed, Claimant developed shortness of breath and fatigue, which left him totally disabled, unable to perform his pre-injury job as a master heating and plumbing technician. On April 19, 1988, Claimant filed a claim petition with the Bureau of Workmen's Compensation alleging that he had suffered a work-related injury on March 24, 1988, and that he suffered an occupational disease for which his last date of exposure was on October 5, 1982, while working for Employer.

The referee conducted hearings at which Claimant appeared and testified that, while working for Employer, he removed, replaced, and serviced residential heating units. Claimant further testified that when he removed, replaced, and serviced the older heating units, the units were sealed with asbestos. When the seal was broken, the air would fill with white or gray dust so thick that it caused Claimant to cough. Claimant testified that in the summer of 1982 he helped Employer remodel its place of business which required him to drill into an asbestos wall causing him to breathe asbestos dust. Claimant admitted that he had some exposure to asbestos while self-employed, but that it was not nearly as great as his exposure while working for Employer. Ronald Kukuchka, owner of Employer, testified that he did not recall Claimant's exposure to asbestos while remodeling, but admitted that Claimant was exposed to asbestos when removing, replacing or servicing older heating units while in his employ.

Employer adduced testimony that Claimant was an ongoing smoker, which caused his lung cancer. Claimant admitted smoking in the past, but stated that he had quit smoking several years ago. The physicians testifying for both parties presented medical arguments as to whether Claimant's smoking contributed to Claimant's lung cancer. The referee, however, believed the testimony of Claimant's physician and made the following relevant findings of fact:

 a) Claimant has a malignant mesothelioma of the left lung.
 b) While working for the defendant-employer, Ace Robbins, Inc., from 1971 to October 5, 1982 claimant was exposed to asbestos dust.

c) The claimant's exposure to asbestos dust while working for the defendant-employer, Ace Robbins, Inc., was a substantial contributing factor to the claimant's malignant mesothelioma of the .left lung.

d) As a result of his malignant mesothelioma of the left lung claimant has been disabled from performing his pre-injury employment as a master heating and plumbing technician since March 24, 1988.

e) Claimant first became aware of his malignant mesothelioma on March 24, 1988 and on that date first became aware that symptoms he was experiencing were related to his asbestos exposure while working for the defendant-employer, Ace Robbins, Inc.

The referee concluded that Employer was liable for Claimant's temporary total disability and awarded Claimant benefits. Employer appealed to the Board which affirmed the referee. This appeal followed.

 On appeal,[4] Employer argues that the Board erred in awarding benefits because Claimant worked for another employer after Ace Robbins, *viz.*, Joseph Bullock Plumbing and Heating, his self-employment, wherein he was exposed to asbestos in excess of five years. Specifically, Employer argues that the "last injurious exposure rule" applies and that the responsible employer need not be the employer where a claimant received the most exposure, it need only be the last employer where a claimant was exposed. Employer disputes neither the status nor the causation of Claimant's occupational disease.

The Act provides that employers are liable for injuries to their employes and defines injury as follows:

The terms "injury," "personal injury," and "injury arising in the course of his employment," as used in this act, shall

---

**4.** Where both parties have presented evidence, our scope of review is limited to a determination of whether an error of law has been committed, whether a claimant's constitutional rights have been violated or whether the necessary findings of fact are supported by substantial evidence. *Brown v. Workmen's Compensation Appeal Board (Borough of New Eagle)*, 137 Pa.Commonwealth Ct. 575, 587 A.2d 34 (1991).

include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease.... The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973 in employment covered by The Pennsylvania Workmen's Compensation Act. The employer liable for compensation provided by ... section 108, subsection ... (*l* ) ... shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed....

Section 301(c)(2) of the Act, 77 P.S. § 411 (footnotes omitted).

In this case, Claimant's disability results from exposure after June 30, 1973. Claimant's last day of work for Employer was October 6, 1982, and his disability occurred, as found by the referee for the purposes of the Act, on March 24, 1988, which is within the 300 week limit, and Claimant's exposure while working for Employer exceeded one year. Employer, then, is clearly liable under the Act. Employer is correct in stating that the liable employer is the employer "in whose employment the employe was last exposed." Section 301(c)(2) of the Act; see *Al's Radiator Service v. Workmen's Compensation Appeal Board (Jorden's Radiator Service)*, 157 Pa.Commonwealth Ct. 432, 630 A.2d 485 (1993). We must now determine who was Claimant's last "employer."

Contrary to Employer's argument we have consistently held that when a claimant is engaged in self-employment, he is not considered an employe within the meaning of the Act. *See Deichler v. Workmen's Compensation Appeal Board (Emhart/True Temper)*, 143 Pa.Commonwealth Ct. 189, 598 A.2d 1030 (1991), *petition for allowance of appeal denied*, 530 Pa. 662, 609 A.2d 169 (1992). If Claimant, while self-employed

was not an employe, he had no employer. *Id.* We must, therefore, conclude that Ace Robbins was Claimant's only employer.

Employer argues that the "substantial contributing factor" test was utilized in the referee's finding of fact (c) and is inappropriate to determine which employer is liable where a claimant's disability is caused by two work-related exposures with two different employers. We agree that such a test is inappropriate to determine which of two employers is liable. *General Electric Corp. v. Workmen's Compensation Appeal Board (Kosinski),* 139 Pa.Commonwealth Ct. 310, 590 A.2d 819 (1991). The test is obviously even more inappropriate where, as we have determined here, there is only one employer. However, the referee's use of the test in this case is proper, because he used the test merely to determine whether Claimant's disability was caused by his exposure to asbestos or by smoking. The test is properly applied to situations where a disability is caused by a work-related and a non-work-related cause. *Id.*

Furthermore, although Claimant admitted that he had some exposure to asbestos while self-employed, Employer adduced no testimony that Claimant's specific exposure was sufficiently substantial to contribute to his disability. We would be, therefore, unable to impose liability upon Claimant's self-employment. *Yanish v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.),* 96 Pa.Commonwealth Ct. 545, 507 A.2d 1302 (1986). Because Claimant was concededly exposed to asbestos while working for Employer and is otherwise entitled to benefits, Employer is liable.

Based on the foregoing discussion, we affirm the Board's order.

### ORDER

NOW, July 25, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

SILVESTRI, Senior Judge, dissents.