**DEVAULT PACKING COMPANY, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Alan JONES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 3, 1995.

Decided Jan. 22, 1996.

Patricia A. Mattern, for Petitioner.

Richard R. Di Stefano, for Respondent.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Devault Packing Company, Inc. (Employer) appeals from an order of the Workmen's Compensation Appeal Board (WCAB) which reversed the decision of a Workers' Compen-

sation Judge (WCJ) and granted the Penalty Petition filed by Alan Jones (Claimant) on August 23, 1993.

In 1983, Claimant sustained a work-related injury and received workers' compensation benefits pursuant to a Notice of Compensation Payable. (R.R. at 5a.) In June 1988, Employer filed a Modification Petition, requesting a supersedeas. (WCJ's Finding of Fact, No. 2.) The WCJ denied the supersedeas request in a decision circulated on January 6, 1989 and, at the same time, directed that Employer pay 20% of Claimant's disability compensation to Claimant's attorney as the counsel fee pursuant to section 442 of the Workers' Compensation Act (Act).[1] (WCJ's Finding of Fact, No. 3; R.R. at 2a.) However, instead of deducting the 20% counsel fee from Claimant's disability compensation and paying Claimant's attorney directly, Employer paid Claimant 100% of his benefits and paid Claimant's attorney nothing. (WCJ's Findings of Fact, Nos. 11 and 12.)

The WCJ denied Employer's Modification Petition in a decision circulated on April 3, 1991 and, again, awarded 20% of Claimant's compensation benefits to Claimant's attorney as the counsel fee. (WCJ's Finding of Fact, No. 7; R.R. at 10a–11a.) Employer appealed the WCJ's decision to the WCAB and requested a supersedeas. The WCAB denied the request for a supersedeas and affirmed the WCJ's decision. (WCJ's Finding of Fact, No. 8.) Employer continued to pay Claimant 100% of his benefits while paying Claimant's attorney nothing. (WCJ's Findings of Fact, Nos. 11 and 12.)

Claimant's attorney stated that in January 1993, he contacted Employer's insurance company regarding the payment of counsel fees relating to the Modification Petition. As of February 9, 1993, Employer deducted 20% from Claimant's compensation and paid the amount to Claimant's attorney as counsel fees. (WCJ's Finding of Fact, No. 11.)

On August 23, 1993, Claimant filed a Penalty Petition pursuant to section 435 of the Act, 77 P.S. § 991, alleging that Employer failed to pay counsel fees to Claimant's attorney for the period from January 6, 1989 to February 9, 1993. Thus, Claimant requested an order requiring Employer to pay a penalty representing 20% of Claimant's compensation for that period, the amount to which Claimant's attorney was entitled in counsel fees. (WCJ's Finding of Fact, No. 13; R.R. at 21a–22a.) Employer filed a timely answer denying the material allegations of the petition, and hearings were held before a WCJ.[2] (WCJ's Finding of Fact, No. 14.)

Upon consideration of the evidence, the WCJ found that no part of the order circulated on January 6, 1989 directed Employer or its insurer to withhold counsel fees for Claimant's attorney or to pay Claimant's attorney his fee directly. (WCJ's Finding of Fact, No. 15.) The WCJ then concluded that Claimant was responsible for paying his own counsel fees. (WCJ's Conclusion of Law, No. 4.)

Claimant appealed to the WCAB, which determined that the record did not contain substantial evidence to support the WCJ's finding that the January 6, 1989 order did not require Employer to pay counsel fees directly to Claimant's attorney. Indeed, the WCAB quoted the January 6, 1989 order to demonstrate that it did require Employer to pay counsel fees directly to Claimant's attorney.[3] Thus, the WCAB reversed the WCJ's

---

1. Section 442 of the Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 998, provides in pertinent part:

 All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any [WCJ] or the board, whether or not allowed as part of a judgment, shall be approved by the [WCJ] or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. . . .

2. There were no hearings on the record; however, the deposition testimony of Claimant was presented as evidence. Claimant testified primarily regarding the financial hardships he has experienced since becoming disabled. (*See* R.R. at 31a–40a.)

3. The January 6, 1989 order states in pertinent part:

 The Referee hereby approves the allowance of 20% of the disability compensation payable as Claimant's counsel fee, and directs [Employer] to pay the said counsel fee to Thomas F. McDevitt, Esquire, attorney for Claimant, chargeable to Claimant's disability compensation.

decision, granted the Penalty Petition, and ordered that Employer pay to Claimant's attorney, *as a penalty*,[4] an amount equal to 20% of the compensation paid to Claimant from January 6, 1989 to February 9, 1993.

On appeal to this court,[5] Employer argues that the imposition of a penalty under section 435 of the Act is not appropriate here because the WCJ did not find that Employer knowingly violated the Act or the rules and regulations promulgated under it.

 Section 435(d) of the Act provides in pertinent part:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein *for violations of the provisions or this act or such rules and regulations or rules of procedure* [promulgated under the Act]: (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991(d) (emphasis added). Initially, we note that, contrary to Employer's argument, section 435 of the Act does not require a finding that the employer *knowingly* violated the Act or its rules and regulations.

 This court has held that a penalty is appropriate under section 435 of the Act if a violation of the Act or the rules or regulations issued pursuant thereto appears in the

record. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.),* 102 Pa.Cmwlth. 493, 518 A.2d 1305 (1986). However, even if a violation of the Act is apparent from the record, a penalty is not automatic; the imposition of a penalty is left to the discretion of the adjudicator. *Id.*

One of the regulations promulgated under the Act provides in pertinent part:

§ 121.25. Delivery of compensation checks.

(a) ... In cases where an attorney's fee ... [has] been approved by a [WCJ] ..., a check in the amount of the fee ..., *separate from a compensation payment,* shall be made payable to the claimant's attorney and mailed to him.

34 Pa.Code § 121.25(a) (emphasis added). Here, the WCJ found that counsel fees were approved in orders issued on January 6, 1989 and April 3, 1991 and that Employer did not begin to pay counsel fees to Claimant's attorney until February 9, 1993. (WCJ's Findings of Fact, Nos. 3, 7, 11 and 12.) These findings are supported by substantial evidence in the record. (R.R. at 2a and 11a.) We conclude, then, that the WCAB did not err here in considering a penalty to be appropriate under section 435 of the Act.

 Because the assessment of a penalty is left to the discretion of the adjudicator, we next examine whether the WCAB abused its discretion in imposing the maximum penalty here.[6] The WCAB imposed the maximum penalty permitted under section 435 of the Act because, at that time, Employer *still* had not paid counsel fees to Claimant's attorney for the period from January 6, 1989 to February 9, 1993, and because this four-year

(R.R. at 2a.)

4. Employer implies in its "Statement of the Questions Involved" that Claimant is seeking by his Penalty Petition to recover unpaid counsel fees. We point out that the imposition of a penalty in this case is *not* an award of counsel fees. Counsel fees have already been awarded to Claimant's attorney by the orders of January 6, 1989 and April 3, 1991. In this case, the WCAB has imposed a *penalty* for the excessive delay in paying those counsel fees *in addition to* the counsel fees which Employer is *still* legally obligated to pay to Claimant's attorney.

5. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable),* 145 Pa.Cmwlth. 582, 604 A.2d 767 (1992).

6. Our scope of review is to determine whether the WCAB abused its discretion in the imposition of the penalty. *McKay v. Workmen's Compensation Appeal Board (Bethenergy Mines),* 654 A.2d 262 (Pa.Cmwlth.1995).

period constitutes an *excessive* delay as contemplated by section 435 of the Act. Like the WCAB, we are troubled by the fact that Employer still has not paid Claimant's attorney in spite of the January 6, 1989 and April 3, 1991 orders and the requirements of 34 Pa.Code § 121.25(a). Moreover, we believe that the delay here is both excessive and unreasonable. Indeed, there is no adequate reason to explain Employer's failure to comply with the regulations or the January 6, 1989 order.[7] Thus, we will not disturb the WCAB's decision to impose the maximum penalty here.[8]

Accordingly, we affirm.[9]

### ORDER

AND NOW, this 22nd day of January, 1996, the order of the Workmen's Compensation Appeal Board, dated April 21, 1995, is AFFIRMED.

---

**7.** In addition, we recognize that claimants who have been successful in workers' compensation proceedings are financially burdened by their inability to earn pre-injury wages; nevertheless, counsel fees must be paid to ensure adequate and continuing legal representation for those claimants. Thus, we believe that the regulation requiring employers to pay counsel fees directly to the attorney is an essential part of the workers' compensation system as enacted. Violation of this regulation is not a trivial matter.

**8.** Employer also argues that Claimant is precluded from prevailing on his Penalty Petition because of the doctrine of laches. We disagree. Laches is an equitable doctrine, and one of the fundamental principles of equity is that "he who seeks equity must do equity," or "he who cometh into equity must come with clean hands." *Hick*

*v. Peoples–Pittsburgh Trust Co.*, 340 Pa. 248, 16 A.2d 718 (1940). Here, there would have been no delay and no penalty if Employer had performed its duty under the January 6, 1989 order and 34 Pa.Code § 121.25(a). Moreover, as noted by the WCAB, Employer *still* has not paid counsel fees for the period from January 6, 1989 to February 9, 1993. Therefore, we decline to consider Employer's affirmative defense of laches here.

**9.** In its brief, Employer maintains that it should be able to recoup its overpayments to Claimant based on the theory of unjust enrichment. However, this matter is not properly before us. This action involves only the propriety of a *penalty* imposed under section 435 of the Act. Employer cites no authority for the proposition that a party can recoup a *penalty* after it has been assessed.