692 A.2d 1086

**Doris J. Reichert TODD, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NCR CORPORATION AND NATIONAL UNION/CRAWFORD & COMPANY), Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 9, 1996.

Decided April 23, 1997.

Robert L. O'Brien, Hampton, NH, for Doris J. Reichert Todd.

Daniel J. Gallagher, Harrisburg, for NCR, National Union/Crawford.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This appeal requires us to construe the language of section 307(7) of the Workmen's Compensation Act, 77 P.S. § 562, which permits termination of a widow's death benefits upon remarriage or for living in a meretricious relationship, and mandates payment of a widow's dower upon remarriage. The

workmen's compensation judge, the Workmen's Compensation Appeal Board (WCAB), and the Commonwealth Court all held that appellant's meretricious relationship justified termination of her widow's death benefits and that no widow's dower was due upon her subsequent remarriage. Appellant claims entitlement to the widow's dower based on an interpretation of the statute which differs from that of the lower tribunals.

Appellant, Doris Reichert Todd (Mrs. Todd), was widowed in 1985 when her husband Harold Reichert died in the employment of National Cash Register Corporation (NCR). She received widow's benefits for a period of time from the company. In March, 1993, NCR filed a petition to terminate Mrs. Todd's benefits due to a meretricious relationship. Mrs. Todd filed an answer which requested a lump sum distribution of benefits (widow's dower) due to her remarriage on February 3, 1993. A hearing was held at which appellant testified that she began living with Mr. Todd in February, 1991, and that the two married in February, 1993.

The workmen's compensation judge issued an order terminating appellant's benefits and denying widow's dower. The WCAB affirmed the judge's order, and the Commonwealth Court affirmed the order of the WCAB. We allowed this appeal to review the Commonwealth Court's interpretation and application of the statute in question.

Section 307(7) of the Workmen's Compensation Act, 77 P.S. § 562, states, in relevant part:

Should any dependent of a deceased employe die or remarry, or should the widower become capable of self-support, the right of such dependent or widower to compensation under this section shall cease except that *if a widow remarries, she shall receive one hundred four weeks compensation* at a rate computed in accordance with clause 2 of section 307 in a lump sum after which compensation shall cease: Provided, however, That if, upon investigation and hearing, it shall be ascertained that the widow or widower is living with a man or woman, as the case may be, *in meretricious relationship and not married,* or the widow

living a life of prostitution, the board may order the termination of compensation payable to such widow or widower. (Emphasis added.) The lower tribunals all regarded the fact that for a period of time appellant lived with her fiancé in a meretricious relationship justified the termination of benefits, and held that once terminated, appellant's subsequent right to widow's dower upon remarriage was also extinguished. Thus, appellant was not entitled to the one hundred four week lump sum payment due upon remarriage.

Appellant argues that such a reading of the statute is unreasonable. Her argument is that the statute creates several conditions which must exist to terminate benefits in this context. First, there must be an investigation and hearing. Then there must be a determination that, at the time of the hearing, the widow lives with a man in meretricious relationship and is not married. Appellant regards the use of the present tense ("*is* living") and the conjunction ("in meretricious relationship *and* not married") as significant, understanding the language to require both the meretricious relationship and the unmarried state to exist at the time of the hearing. She argues that the legislative intent appears to contemplate that, in some instances, an earlier meretricious relationship would have resulted in marriage prior to hearing, in which case it would be improper to withhold the widow's dower.

A careful interpretation of the statute requires that we give effect to the present tense and conjunction emphasized in the following quotation. "[I]f, upon investigation and hearing, it shall be ascertained that the widow or widower *is* living with a man or woman, as the case may be, in meretricious relationship *and* not married, ... the board may order the termination of compensation...." We cannot, however, accept appellant's argument that the only relevant time is the time of hearing. It would be all too easy for a widow or widower to abandon a meretricious relationship temporarily for the date of a hearing and reenter the relationship immediately after the hearing. We cannot presume that the legislature intended such an absurd result. 1 Pa.C.S. § 1922(1).

■ On the other hand, we cannot ignore the use of the present tense. The legislature plainly did not authorize termination of compensation due to a meretricious relationship on some indefinite past occasion. It appears that the only reasonable construction of the language is this: if, upon investigation, a meretricious relationship is discovered, the contemporaneous filing of a petition to terminate compensation alleging a present meretricious relationship satisfies the legislative intent; if, upon hearing, it is proved that a meretricious relationship existed on the date of filing, the board may order the termination of compensation. The date of filing is the critical date because it is the date it is alleged that a meretricious relationship presently exists—that the widow or widower *is* living in meretricious relationship. The date of hearing, on the other hand, is entirely fortuitous and is totally outside the control of the employer or workers' compensation insurer. In addition to alleging a present meretricious relationship, a petition to terminate must also allege that the widow or widower is, at the time of filing, not married.

■ Neither condition is satisfied in this case. The record establishes that appellant was engaged to be married and lived with her fiancé for a period of time while intending to marry. Due to a variety of circumstances, the marriage was delayed until February 3, 1993. The employer filed its request for a hearing subsequent to the marriage, in March, 1993. There was thus no meretricious relationship at the time of the filing, nor was appellant "not married" at the time of filing. Termination on the ground of meretricious relationship was therefore improper.

It follows that when appellant remarried in February, 1993, prior to the employer's petition to terminate, she was entitled to the statutory widow's dower consisting of a lump sum payment of one hundred four weeks compensation, after which compensation ceases.

The judgment of the Commonwealth Court is reversed and the case is remanded to the workers' compensation judge for further proceedings consistent with this opinion.

NEWMAN, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I respectfully dissent. The majority ignores the purpose of § 307(7) of the Workmen's Compensation Act and improperly focuses solely on the tense of the verbiage in the statutory language. Such a construction defeats the entire legislative scheme which is to provide benefits to a widow who is unable to support herself due to the work-related death of her husband.[1] It is the legislature's prerogative to treat widows and widowers who remarry differently than those who enter into meretricious relationships. Equal protection challenges to this provision have been rejected by our Court. *McCusker v. Workmen's Compensation Appeal Board*, 536 Pa. 380, 639 A.2d 776 (1994). In discussing the widow's dowry provision in § 307(7) we have stated,

> Our law has long recognized the importance of marriage and has extended benefits and protections to those engaged in a marital relationship that are not available to those who choose to remain unmarried. In the areas of taxation, property, and wills and estates, our law clearly distinguishes between those who are married and those who are unmarried.... Whether the statute is the wisest or best means to accomplish this legitimate purpose is not for us to determine.

*Id.* at 392, 639 A.2d at 781.

The timing of the events should not distort the clear intention of the legislature to treat the claimants differently. Merely because Appellant remarried prior to the filing of the termination petition does not negate the fact that she engaged in the meretricious relationship. The legislature has chosen to grant a widow who remarries a lump sum dowry of 104 weeks compensation benefits, while denying the same to a widow who

---

1. Section 307(7) equally applies to a widower whose wife has died in a work-related incident.

has engaged in a meretricious relationship. We are in no position to hold to the contrary.

In summary, I would affirm the decision of the Commonwealth Court and hold that if an employer establishes that a meretricious relationship has occurred, the employer is entitled to a termination of workers' compensation benefits and is not required to pay the claimant the widow's dowry.