**Rodney CAMPBELL, by Carol CAMPBELL, Widow, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HARDS CONSTRUCTION COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 1997

Decided June 13, 1997

Bernard J. Hessley, Warren, for petitioner.

Kimberly A. Oakes, Erie, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Carol Campbell (Claimant), widow of Rodney Campbell, petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed a decision of a Workers' Compensation Judge (WCJ) denying her petition for review and granting the termination petition of Hards Construction Company (Employer) on the grounds that Claimant had engaged in a meretricious relationship in violation of Section 307(7) of the Workers' Compensation Act (Act).[1]

On June 26, 1979, Rodney Campbell died as a result of injuries sustained in the course of his employment with Employer. On July 13, 1979, Claimant and Employer entered into an agreement which provided for compensation for her and her three minor children. On December 27, 1984, a supplemental agreement was executed after a third

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 562. Section 307 provides in pertinent part:

  [I]f, upon investigation and hearing, it shall be ascertained that *the widow or widower is liv-*ing with a man or a woman as the case may be, in a meretricious relationship and not married, or the widow living a life of prostitution, the Board may order the termination of compensation payable *to such widow or widower.*

party settlement had been reached.[2] On July 31, 1992, Employer filed a termination petition alleging that it was entitled to a termination based on the fact that Claimant was engaged in a meretricious relationship. On April 23, 1993, Claimant filed a petition to review, alleging that she was not receiving payment pursuant to the December 27, 1984 supplemental agreement.

At the hearings before the WCJ, Claimant testified that she and two of her children have been living with Earl Mott for approximately ten years. She testified that for the first year or two, she and Mott engaged in sexual relations. Claimant further testified that Mott has emphysema and heart problems and these disabilities have prevented him from engaging in sexual relations for the last five years.

Claimant testified that her workers' compensation benefits stopped when she signed the supplemental agreement. She stated that she did not get a check after September 12, 1984. She stated that she did not contact Employer's insurance carrier when the checks stopped because, after her settlement, she did not think she was entitled to any further checks.

Employer presented the testimony of Linda Nielson, a workers' compensation adjustor with its insurance carrier. Nielson testified that payments were made pursuant to the supplemental agreement until September 9, 1984. Nielson testified that there was no indication in the file as to why the checks were stopped. Nielson testified that when the error was discovered, payment was made to Claimant in the amount of the arrearage plus interest.

Also testifying for Employer was Linda Fatica who was a workers' compensation auditor for Employer's insurance carrier during the years 1984 and 1985. Fatica testified that in 1984, the insurance carrier was not on a computerized system and that checks were issued by clerical personnel. Fatica speculated that Claimant's checks were stopped because of human or clerical error. Fatica testified that no one had ever called after the checks were stopped to inquire as to the reason. Fatica testified that Claimant's file was not monitored on a monthly basis because no medical expenses were being incurred.

■ On May 5, 1995, the WCJ issued a decision in which he found, based on Claimant's testimony, that she had engaged in a meretricious relationship. Therefore, the WCJ found, Employer was entitled to a termination of Claimant's benefits. The WCJ further found that the cessation of Claimant's compensation benefits was inadvertent and did not involve any bad faith on the part of the insurance carrier. Accordingly, the WCJ concluded that Claimant was not entitled to penalties or counsel fees. Claimant now appeals to this Court.[3]

On appeal, Claimant argues that (1) there was no competent evidence to show that she was engaged in a meretricious relationship when her benefits became due and payable on August 29, 1992, and (2) the WCJ erred in not awarding penalties and attorney's fees for Employer's failure to pay compensation benefits for the period from September 9, 1985 until October 28, 1993.

■ In the case before us, the WCJ accepted as fact Claimant's testimony regarding the duration of her physical relationship with Earl Mott. The WCJ based his termination of her benefits on a finding that a physical relationship had occurred. In *Todd v. Workmen's Compensation Appeal Board (NCR Corp.)*, 547 Pa. 687, 692 A.2d 1086 (1997), our Supreme Court considered whether Section 307(7) permits the termination of

2. Pursuant to the supplemental agreement, Employer was granted a credit toward future death benefits in the amount of $69,000 with payment at a reduced rate of $42.11 per week until the prorated share of $17,250 in attorney's fees was paid. Employer was to resume payment of full death benefits upon the expiration of the credit which was to occur on August 29, 1992.

3. Our scope of review in workers' compensation cases is limited to a determination of whether errors of law have been committed, whether constitutional rights have been violated or whether necessary findings of fact are supported by substantial evidence. *Ace Robbins, Inc. v. Workmen's Compensation Appeal Board (Bullock)*, 166 Pa.Cmwlth. 244, 646 A.2d 618 (1994).

benefits if a meretricious relationship had existed at any time in the past. The Court stated:

> The legislature plainly did not authorize termination of compensation due to a meretricious relationship on some indefinite past occasion. It appears that the only reasonable construction of the language is this: if, upon investigation, a meretricious relationship is discovered, the contemporaneous filing of a petition to terminate compensation alleging a present meretricious relationship satisfied the legislative intent; if, upon hearing, it is proved that a meretricious relationship existed on the date of filing, the board may order the termination of compensation. The date of filing is the critical date because it is the date it is alleged that a meretricious relationship presently exists—that the widow or widower *is* living in meretricious relationship.

692 A.2d at 1087–88 (emphasis in original).

In *Nevius v. Workmen's Compensation Appeal Board,* 52 Pa.Cmwlth. 418, 416 A.2d 1134, 1137 (1980), this Court stated that "[c]ourts have consistently described relationships as meretricious whenever two individuals are living together in a carnal way without the benefits of marriage." Claimant testified before the WCJ that she and Earl Mott had not engaged in sexual relations for at least five years. Her testimony thus establishes that there was no carnal aspect in their relationship at the time Employer filed the termination petition. Based on the reasoning expressed in *Todd,* we conclude that the WCJ erred in terminating Claimant's benefits based on the occurrence of a meretricious relationship where that relationship had ceased prior to the filing of the termination petition.

Claimant next argues that the WCJ erred in not awarding penalties and attorney's fees for Employer's failure to pay compensation benefits for the period from September 9, 1985 until October 28, 1993. Section 430 of the Act, 77 P.S. § 971(b), provides that any insurer or employer who terminates, decreases or refuses to make any payment awarded in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provid-

ed in Section 435 of the Act, 77 P.S. § 991(d). Section 435 of the Act states that the Department, Board or any court which may hear any proceeding brought under the Act shall have the power to impose penalties for violations of the provisions of the Act. Under Section 435 of the Act, a finding of a violation of the Act does not mandate the automatic imposition of a penalty, but rather a WCJ, the Board or the Court has discretion in determining whether to impose penalties. *Graves v. Workmen's Compensation Appeal Board (LaFrance Corp.),* 680 A.2d 49 (Pa.Cmwlth.1996).

In the case before us, the WCJ determined that Employer's failure to pay Claimant her compensation benefits was due to a clerical and human error and did not involve any bad faith on Employer's part. Under the circumstances of this case, Claimant's failure to contact Employer or its insurance carrier when her checks did not arrive and Employer's prompt payment of arrearage and interest upon determining that it had ceased issuing the compensation checks, we cannot say that the WCJ abused his discretion in declining to award Claimant penalties and attorney's fees.

The order of the Board is affirmed insofar as it denied Claimant's request for penalties and counsel fees. The order of the Board is reversed insofar as it granted Employer's termination petition.

### ORDER

AND NOW, this 13th day of June, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter affirming the Workers' Compensation Judge's decision to deny the penalties and attorney's fees is affirmed. The Board's decision affirming the grant of the petition for termination is reversed.