# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Berks Area Regional Transportation     :
Authority,     :
               Petitioner     :
    :
          v.     :    No. 1432 C.D. 2015
    :    Submitted: January 8, 2016
Workers' Compensation Appeal     :
Board (Modesto),     :
               Respondent     :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: March 2, 2016**


In this appeal, Berks Area Regional Transportation Authority (Employer) asks whether the Workers' Compensation Appeal Board (Board) erred in ordering it to pay several years of unpaid attorney fees to Peter Modesto's (Claimant) attorney as ordered by a Workers' Compensation Judge (WCJ) in 2007. Employer argues the Board erred in failing to address whether Employer's actions in failing to deduct the attorney fees from Claimant's weekly wage loss benefits were intentional and done in bad faith so as to warrant a penalty. It further contends the Board erred in failing to apply laches so as to bar any recovery of attorney fees by Claimant. Upon review, we affirm.

In December 2004, Claimant sustained a work-related back injury. Employer accepted the injury through a Notice of Compensation Payable (NCP).

About two years later, Claimant's benefit status was changed from total disability to partial disability as a result of an impairment rating evaluation.

Thereafter, in November 2007, WCJ Terry W. Knox (WCJ Knox) granted Claimant's petition to review compensation benefits, amended the description of injury and ordered "Employer [to] deduct 20% of Claimant's continuing compensation payable, if any … directly to Claimant's [attorney], and [to] pay the balance directly to Claimant." WCJ's Op., 11/2/07, at 6; Reproduced Record (R.R.) at 8a.

Employer began paying Claimant's compensation benefits pursuant to WCJ Knox's decision. However, it paid Claimant 100% of the awarded compensation without deducting the 20% attorney fee as directed. Employer continued not to deduct the attorney fee until August 2013. At that time, Employer corrected its error after Claimant's attorney contacted Employer. Between 2007 and August 2013, Employer paid 100% of the compensation payable to Claimant. Claimant's attorney did not receive his fee from the date of the 2007 decision through August 2013, a period of approximately six years.

In September 2013, Claimant filed a penalty petition alleging Employer violated the Workers' Compensation Act (Act)[1] and its rules or its regulations. Employer filed an answer denying any such violation.

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1041.4; 2501-2708.

Before the WCJ, Claimant's counsel explained that his penalty petition was based on Employer's failure to pay his 20% attorney fee pursuant to WCJ Knox's 2007 decision and order. The WCJ admitted into evidence the NCP, the notice of change of workers' compensation disability status and WCJ Knox's 2007 decision. No witness testimony was presented before the WCJ.

Ultimately, the WCJ explained:

Claimant asserts [Employer] violated the Act by failing to comply with the 11/2/2007 Decision. Claimant points out [Employer] admitted to failing to deduct the 20% attorney fee because of an 'inadvertent error.'

Claimant's letter brief references evidence not of record in this litigation in his proposed calculation of the penalty. The 11/2/2007 Decision does not contain Findings of Fact or Conclusion of Law establishing Claimant's disability status as of that decision. By [Employer's] admission, it paid Claimant 100% of the compensation payable to Claimant during the six–year period in question, but there is no evidence of that sum. Claimant's proposed calculations are based on evidence not of record and will not be considered.

Claimant seeks an award of penalties for [Employer's] admitted failure to comply with the 11/2/2007 Decision, but Claimant's counsel also acknowledges his delay in discovering the error - no fee received for six years.

[Employer] admits it did not comply with the 11/2/2007 Decision and paid 100% of Claimant's compensation payable directly to Claimant for the six-year period in question, and immediately began deducting the 20% attorney fee and sending it to Claimant's counsel as soon as Claimant's counsel inquired of same. [Employer] argues this is analogous to Campbell [by Campbell v. Workmen's Compensation Appeal Board (Hards Construction Co.), 695 A.2d 976 (Pa. Cmwlth. 2007)] in which the Commonwealth Court held that evidence established the defendant's error failing to pay compensation was human and

3

clerical error and not in bad faith, thus not supportive of a penalty award. [Employer] argues its 'inadvertent error' was a similar human and clerical error not in bad faith. Unfortunately, unlike Campbell, [Employer] did not offer evidence of its 'inadvertent error' for this Judge to make such a conclusion.

The record merely establishes the following: (1) [Employer] was directed to deduct 20% of compensation payable to Claimant, if any, and pay that sum directly to Claimant's counsel as an attorney fee; (2) [Employer] did not do as it was directed to do by the 11/2/2007 Decision resulting in Claimant's counsel not receiving his fee according to the fee agreement between Claimant and Claimant's counsel; (3) Claimant received 100% of his compensation payable, if any, instead of 80% for a six-year period, and; (4) Claimant's counsel failed to notice he was not receiving a fee for six years.

WCJ's Op., 5/15/14, at 2-3 (footnotes omitted).[2]

The WCJ determined, by its own admission, Employer violated the Act when it did not deduct 20% of the compensation payable to Claimant and send that sum to Claimant's attorney. The WCJ further determined Claimant's attorney was guilty of laches in failing to notify Employer of his non-receipt of attorney fees. Thus, the WCJ determined both Employer and Claimant's counsel bore equal fault for the delay in compliance with WCJ Knox's 2007 decision. Based on these determinations, the WCJ declined to award a monetary penalty. Nevertheless, he directed Employer to pay Claimant's attorney 50% of the attorney fees that should have been deducted for the six-year period at issue. The parties filed cross-appeals to the Board.

---

[2] The WCJ also found Employer initially failed to pay Claimant's $3,723.80 in litigation costs pursuant to WCJ Knox's 2007 decision; however, Employer paid these costs after the WCJ's 2013 hearing here.

On appeal, the Board initially noted that Claimant did not specifically argue for the imposition of a penalty, which the WCJ declined to impose; rather, he argued the WCJ erred in his conclusions of law regarding the payment of actual, past due attorney fees. The Board also pointed out that neither party advanced any argument that any funds should be disgorged from Claimant. The Board further stated there was no dispute that Employer did not pay Claimant's attorney the 20% attorney fee ordered by WCJ Knox in 2007.

Ultimately, based on this Court's decision in Devault Packing Co., Inc. v. Workmen's Compensation Appeal Board (Jones), 670 A.2d 741 (Pa. Cmwlth. 1996), the Board determined Employer was obligated to pay Claimant's attorney's full 20% attorney fee as approved and ordered payable by WCJ Knox in 2007. Thus, the Board ordered Employer to pay Claimant's attorney fees from the date of WCJ Knox's 2007 decision. The Board also disagreed that laches applied here so as to diminish or eliminate the recovery of the actual, past due attorney fees, which were awarded in 2007. For these reasons, the Board modified the WCJ's order to reflect that Employer is responsible for Claimant's attorney's full 20% attorney fee as approved and ordered payable by WCJ Knox in 2007.[3] Employer now petitions for review to this Court.

---

[3] The Board also agreed with the WCJ that the parties were in the best position to determine the amount specifically owed to Claimant's attorney for non-payment of his 20% fee from the date of WCJ Knox's November 2007 decision through August 2013, when Employer corrected its error.

On appeal,[4] Employer argues the Board erred in failing to address whether Employer's actions in failing to deduct the attorney fee from Claimant's weekly wage loss benefits were intentional and done in bad faith so as to warrant a penalty. Employer concedes it violated WCJ Knox's order by failing to pay the 20% attorney fee to Claimant's counsel. However, it asserts, imposition of a penalty is not appropriate here because its failure to do so was inadvertent. See Campbell. It also contends the Board erred in relying on Devault Packing because the actions of Employer here were less egregious than the employer in Devault Packing.

> Pursuant to Section 435(d)(i) of the Act:[5]
>
> (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
>
> (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. §991(d).

---

[4] Our review is limited to whether there was a violation of constitutional rights or error of law, and whether necessary findings of fact were supported by substantial evidence. Am. Rd. Lines v. Workers' Comp. Appeal Bd. (Royal), 39 A.3d 603 (Pa. Cmwlth. 2013).

[5] 77 P.S. §991(d)(i). Added by the Act of February 8, 1972, P.L. 25.

Where a claimant files a petition seeking an award of penalties, the claimant bears the burden of proving a violation of the Act occurred. Schenck v. Workers' Comp. Appeal Bd. (Ford Elecs.), 937 A.2d 1156 (Pa. Cmwlth. 2007). In order for the imposition of penalties to be appropriate, a violation of the Act or of the rules and regulations issued pursuant to the Act must appear on the record. Farance v. Workers' Comp. Appeal Bd. (Marino Bros., Inc.), 774 A.2d 785 (Pa. Cmwlth. 2001). However, even if a violation of the Act is apparent from the record, a penalty is not automatic; the imposition of a penalty is left to the discretion of the adjudicator. Devault Packing.

Section 121.25 of the Bureau of Workers' Compensation's regulations states, as pertinent (with emphasis added):

> **§ 121.25. Issuance of compensation payments.**
>
> Compensation payments shall be issued according to the following:
>
> * * * *
>
> (3) If a [WCJ] … approves attorneys' fees …, a payment for fees …, <u>separate from a compensation payment</u>, shall be made payable, and issued, to the claimant's attorney.

34 Pa. Code §121.25(3).[6]

---

[6] "[T]he regulation requiring employers to pay counsel fees directly to the attorney is an essential part of the workers' compensation system as enacted. Violation of this regulation is not a trivial matter." Devault Packing Co., Inc. v. Workmen's Comp. Appeal Bd. (Jones), 670 A.2d 741, 744 n.7 (Pa. Cmwlth. 1996). Although 34 Pa. Code §121.25 was amended in 2007, after our decision in Devault Packing, the requirement that payment of approved attorney fees, separate from compensation payments, be issued to a claimant's attorney has remained the same.

Devault Packing, relied on by the Board, is instructive. There, the claimant began receiving compensation benefits. Several years later, the employer filed a modification petition and requested a supersedeas. A WCJ denied the supersedeas and directed that the employer pay 20% of the claimant's disability compensation to the claimant's attorney as a counsel fee. However, instead of deducting the 20% fee from the claimant's disability compensation and paying the claimant's attorney directly, the employer paid the claimant 100% of his benefits and paid the claimant's attorney nothing. Two years later, the WCJ denied the modification petition and again awarded 20% of the claimant's compensation benefits to the claimant's attorney as a counsel fee. The employer appealed to the Board and requested a supersedeas, which was denied. The Board later affirmed the denial of the employer's modification petition.

Nevertheless, the employer continued to pay the claimant 100% of his benefits while paying the claimant's attorney nothing. The claimant's attorney contacted the employer's insurance carrier regarding payment of counsel fees. Shortly thereafter, the employer began deducting 20% from the claimant's compensation and paid that amount to the claimant's attorney as a counsel fee. The claimant filed a penalty petition, alleging the employer failed to pay counsel fees to the claimant's attorney for a period of four years. Thus, the claimant requested an order requiring the employer to pay a penalty representing 20% of the claimant's compensation for that period, the amount to which the claimant's attorney was entitled in counsel fees.

Ultimately, a WCJ denied the penalty petition based on a determination that the earlier WCJ's decision did not require the employer or its insurer to withhold the counsel fee or to pay the claimant's attorney directly. The WCJ concluded the claimant was responsible for paying his own counsel fees. On appeal, the Board reversed. It determined the record did not contain substantial evidence to support the WCJ's finding that the prior WCJ order did not require the employer to pay counsel fees directly to the claimant's attorney. Thus, the Board granted the penalty petition and ordered the employer to pay the claimant's attorney, as a penalty, an amount equal to 20% of the compensation paid to the claimant over the four year period at issue.[7] The employer appealed to this Court. In affirming the Board, we explained:

> Here, the WCJ found that counsel fees were approved in [two] orders … and that [the] [e]mployer did not begin to pay counsel fees to [the] [c]laimant's attorney until [four years after the first order]. These findings are supported by substantial evidence in the record. We conclude, then, that the [Board] did not err here in considering a penalty to be appropriate under [S]ection 435 of the Act.
>
> Because the assessment of a penalty is left to the discretion of the adjudicator, we next examine whether the [Board] abused its discretion in imposing the maximum penalty here. The [Board] imposed the maximum penalty permitted

---

[7] We pointed out that

> the imposition of a penalty in this case is *not* an award of counsel fees. Counsel fees have already been awarded to [the] [c]laimant's attorney by the [two prior WCJ] orders …. In this case, the [Board] has imposed a *penalty* for the excessive delay in paying those counsel fees *in addition to* the counsel fees which [the] [e]mployer is still legally obligated to pay to [the] [c]laimant's attorney.

Devault Packing, 670 A.2d at 743 n.4 (emphasis in original).

under [S]ection 435 of the Act[8] because, at that time, [the] [e]mployer still had not paid counsel fees to [the] [c]laimant's attorney for [four years], and because this four-year period constitutes an excessive delay as contemplated by [S]ection 435 of the Act. Like the [Board], we are troubled by the fact that [the] [e]mployer still has not paid [the] [c]laimant's attorney in spite of the [two] orders and the requirements of 34 Pa.Code § 121.25(a). Moreover, we believe that the delay here is both excessive and unreasonable. Indeed, there is no adequate reason to explain [the] [e]mployer's failure to comply with the regulations or the [first] order. Thus, we will not disturb the [Board's] decision to impose the maximum penalty here.

Id. at 743-44 (record citations and footnotes omitted).

Similar to the facts in Devault Packing, WCJ Knox's 2007 order required Employer to deduct 20% of Claimant's continuing compensation payable and to pay that amount directly to Claimant's counsel. WCJ's Op., 11/2/07, at 6 (Order); R.R. at 8a. There is no dispute that Employer did not comply with WCJ Knox's 2007 order and 34 Pa. Code §121.25(3) when it failed to deduct 20% of Claimant's compensation and pay that amount directly to Claimant's attorney. Thus, we discern no error or abuse of discretion in the Board's determination that Employer is required to pay Claimant's attorney his full 20% attorney fee as approved and ordered payable by WCJ Knox. Devault Packing.

Nevertheless, Employer argues its actions were not done intentionally or in bad faith and, therefore, no penalty was warranted. We rejected a similar argument in Devault Packing, stating "[S]ection 435 of the Act does not require a

---

[8] Section 435 of the Act previously provided for a maximum penalty of 20%. As set forth above, the current version of Section 435 allows for a maximum penalty of 50%.

finding that the employer *knowingly* violated the Act or its rules and regulations." Id. at 743 (emphasis in original); see also Graphic Packaging, Inc. v. Workers' Comp. Appeal Bd. (Zink), 929 A.2d 695 (Pa. Cmwlth. 2007) (there is no requirement that the employer must have knowingly violated the Act before penalties may be imposed); Essroc Materials v. Workers' Comp. Appeal Bd. (Braho), 741 A.2d 820 (Pa. Cmwlth. 1999) (same). Rather, Section 435 authorizes the imposition of penalties based on the occurrence of a violation of the Act or its rules and regulations. Such a violation occurred here when Employer failed to pay Claimant's attorney's fees for six years as ordered by WCJ Knox in 2007 and as required by 34 Pa. Code §121.25(3) by sending Claimant's counsel payments for those fees separate from Claimant's compensation payments.

Additionally, the WCJ here specifically declined to make a finding that Employer's actions in failing to deduct the attorney fee were merely "inadvertent" as Employer presented no evidence to support such a finding. WCJ's Op., 5/15/14, F.F. No. 12, WCJ's Op., 5/15/14, at 2-3; R.R. at 27a-28a. Thus, as in Devault Packing, we discern no error in the Board's determination that Employer is required to pay Claimant's counsel his full attorney fee of 20% as approved and ordered by payable by WCJ Knox.

In addition, we discern no error in the Board's rejection of the WCJ's application of the doctrine of laches here. As the Board recognized, we rejected essentially the same argument in Devault Packing, explaining:

> [The] [e]mployer also argues that [the] [c]laimant is precluded from prevailing on his [p]enalty [p]etition because of the doctrine of laches. We disagree. Laches is an equitable

11

doctrine, and one of the fundamental principles of equity is that 'he who seeks equity must do equity,' or 'he who cometh into equity must come with clean hands.' Hick v. Peoples–Pittsburgh Trust Co., [16 A.2d 718, 720 (Pa. 1940)]. Here, there would have been no delay and no penalty if [the] [e]mployer had performed its duty under the [WCJ's] order and 34 Pa.Code § 121.25(a). Moreover, as noted by the [Board], [the] [e]mployer still has not paid counsel fees for the period [of approximately four years]. Therefore, we decline to consider [the] [e]mployer's affirmative defense of laches here.

Id. at 744 n.8 (emphasis added). This reasoning applies with equal force here. Thus, we reject the position that laches bars Claimant's claim for past due attorney fees here.

In addition, we reject Employer's reliance on Campbell. There, the employer ceased making compensation payments to a claimant as required by a supplemental agreement. Several years later, the claimant filed a review petition, alleging she was not receiving these payments. At hearings before a WCJ, witnesses for the employer's insurance carrier explained the carrier inadvertently ceased making payments as a result of clerical or human error, and when the error was discovered, payment was made to the claimant in the amount of the arrearage plus interest. Based on the testimony of these witnesses, the WCJ determined the employer's failure to pay the compensation benefits resulted from clerical or human error and did not involve any bad faith on the part of the employer. We declined to disturb the WCJ's findings, stating: "Under the circumstances of this case, [the] [c]laimant's failure to contact [the] [e]mployer or its insurance carrier when her checks did not arrive and [the] [e]mployer's prompt payment of arrearage and interest upon determining that it had ceased issuing the compensation checks, we cannot say that the WCJ abused his discretion in

12

declining to award [the] [c]laimant penalties and attorney's fees." Id. at 979 (emphasis added).

Here, the WCJ specifically found that, unlike in Campbell, Employer submitted no evidence explaining its "inadvertent error" resulting in the failure to deduct Claimant's counsel's attorney fee. WCJ's Op., 5/15/14, F.F. No. 12, WCJ's Op., 5/15/14 at 2-3; R.R. at 27a-28a. Thus, the WCJ determined: "Unfortunately, unlike *Campbell*, [Employer] did not offer evidence of its 'inadvertent error' for this Judge to make such a conclusion." Id. at 2-3; R.R. at 27a-28a. Additionally, unlike the employer in Campbell who promptly paid the arrearage upon discovery of the inadvertent error, Employer here did not pay the attorney fees past due as required by WCJ Knox's 2007 order after being informed of the error. Thus, Campbell is distinguishable.

For all these reasons, we affirm the Board's order that required Employer to pay Claimant's attorney his full 20% attorney fee as ordered by WCJ Knox in 2007.[9]

_____

ROBERT SIMPSON, Judge

---

[9] Claimant asserts that, despite the WCJ's 2014 order directing Employer to pay 50% of the attorney fees due to Claimant's attorney pursuant to WCJ Knox's 2007 order, and the Board's 2015 order requiring that Employer pay the full amount of attorney fees due under WCJ Knox's 2007 order, Employer still has not made payment of those fees. Claimant argues these failures constitute separate violations of the Act, warranting an assessment of penalties in addition to payment of past due counsel fees. Thus, he asks this Court to award a 50% penalty in addition to payment of the attorney fees ordered by the Board.

Based on our review of the record, there is no indication that Claimant raised any issue regarding entitlement to a penalty beyond the payment of the past due attorney fees before the Board. See Certified Record, Cross Appeal of Peter Modesto, filed 6/5/14, at 2-3; see also Bd. Op., 7/10/15, at 4; Reproduced Record at 35a ("Claimant does not specifically argue for the imposition of a penalty, which the WCJ declined to impose, but argues that the WCJ erred in his Conclusions of Law and Order regarding payment of the actual counsel fees …."). Further, Claimant did not file a petition for review from the Board's decision here. In any event, if Claimant wishes to allege *new* violations of the Act or its regulations that occurred *after* the WCJ's 2014 decision and the Board's 2015 decision, which are at issue here, his remedy is to file a new penalty petition rather than seek such relief in his brief to this Court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Berks Area Regional Transportation : 
Authority, : 
                         Petitioner : 
                   : 
             v. :   No. 1432 C.D. 2015
                   : 
Workers' Compensation Appeal : 
Board (Modesto), : 
                     Respondent : 

## **O R D E R**

AND NOW, this 2nd day of March, 2016, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

                                   _____
                                   ROBERT SIMPSON, Judge