102 Pa. Commonwealth Ct. 493 (1986)
518 A.2d 1305
Angel L. Ortiz, Petitioner
v.
Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.), Respondents.
No. 2344 C.D. 1985.
Commonwealth Court of Pennsylvania.
Submitted on briefs September 8, 1986.
December 18, 1986.
Submitted on briefs September 8, 1986, to Judges MacPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.
*494 David G. Welty, for petitioner.
Martin J. Fallon, Jr., with him, David A. Pennington, Swartz, Campbell & Detweiler, for respondent, Fair Tex Mills, Inc.
OPINION BY JUDGE PALLADINO, December 18, 1986:
Angel L. Ortiz (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming the termination of his compensation and the refusal of the referee to award him payment of a penalty pursuant to sections 413(b)[1] and 435[2] of The Pennsylvania Workmen's Compensation Act (Act). We affirm.
*495 On December 16, 1980, Petitioner sustained an injury to his cervical spine while on the job. Fair Tex, Inc. (Employer) paid him workmen's compensation pursuant to a notice of compensation payable. Alleging that Employer improperly terminated his compensation on February 11, 1981, Petitioner filed a reinstatement petition on March 12, 1981 which contained a request for payment of a penalty and counsel fees. Employer denied the allegation and on March 31, 1981 filed a suspension petition and requested supersedeas. The supersedeas request was denied on April 22, 1981. Employer, on June 29, 1981, filed a termination petition accompanied by an affidavit from Dr. Richard K. White stating that Petitioner was fully recovered and able to resume his prior job as of June 11, 1981.
The petitions for reinstatement, suspension and termination were joined for resolution before the referee. During the proceedings Petitioner presented as evidence the deposition of Dr. Parvis Kambin, who testified unequivocally that Petitioner remained fully disabled because of his work injury. Employer offered the deposition of Dr. White, who testified unequivocally that Petitioner was fully recovered from his work injury and able to resume his prior job.
On August 22, 1983 the referee issued his decision on the three petitions. He granted Employer's termination *496 petition effective June 11, 1981 and dismissed both the reinstatement and suspension petition.[3] No penalty was imposed. The referee concluded:
Claimant [Petitioner] failed to prove by sufficient competent evidence that compensation ceased, improperly or otherwise, as of February 11, 1981, and Claimant failed to establish non-compliance by Defendant [Employer] with the Workmen's Compensation Act or the rules and regulations promulgated thereunder, within the meaning of §413 and §435 of the Act.
Referee's Conclusion of Law, No. 4. Petitioner appealed to the Board, which affirmed the referee's decision on August 23, 1985. A timely petition for review was subsequently filed by Petitioner with this Court.
Petitioner contests the termination of his compensation and the failure of the referee to impose a penalty on Employer for stopping his compensation on February 11, 1981 in violation of Section 413 of the Act. He contends that: (1) there is no substantial competent evidence in the record to support the referee's finding that he was fully recovered and able to return to his prior job; and (2) the referee erred in concluding that Petitioner had failed to prove a violation of Section 413(b) of the Law and, therefore, the penalty provided at Section 435(d)(i) of the Law should have been imposed. We will dispose of the termination issue first and then address the penalty contention.
The Employer bears the burden in a termination proceeding of proving that a work-related disability has ceased. Gallo v. Workmen's Compensation Appeal Board (United Parcel Service), 95 Pa. Commonwealth Ct. 158, 504 A.2d 985 (1986). We are limited to determining *497 whether constitutional rights were violated, an error of law was committed or necessary findings of fact are supported by substantial evidence. Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).
Petitioner contends that the referee erred in accepting the opinion of Dr. White that he was fully recovered from his work injury and in rejecting that of Dr. Kambin that he remained totally disabled. Petitioner correctly notes that it is the referee who weighs conflicting evidence and determines credibility, including testimony from medical experts. However, he asserts that Dr. White's testimony was incompetent because Dr. White only conducted a brief examination of Petitioner and interpreted Petitioner's myelogram as demonstrating a "normal anatomical varation" while Dr. Kambin and the radiologist had interpreted it as demonstrating a defect. These are issues of credibility and the weight to be accorded conflicting medical opinions and do not relate to the competence of the testimony.
On the question of the imposition of a penalty, this Court has held that a violation of the Act, or of the rules and regulations issued pursuant to the Act, must appear in the record in order for a penalty to be appropriate.[4]Glagola v. Workmen's Compensation Appeal Board, 59 Pa. Commonwealth Ct. 80, 428 A.2d 1016 (1981). Petitioner contends that Employer terminated compensation payments in violation of Section 413 of the Act on February 11, 1981. Where a penalty is sought, the burden of proof is on the Employer to show that no violation *498 of the Act occurred, but the Petitioner must first show that payments were actually suspended or terminated. Petitioner did not meet this burden.
When a claim for penalties is made in conjunction with another proceeding, the referee should "permit the employer to respond to the request, and thereafter schedule a hearing on the issue, if one becomes necessary." Edmond v. Workmen's Compensation Appeal Board, 43 Pa. Commonwealth Ct. 458, 462, 402 A.2d 715, 717 (1979). Here the request was made in conjunction with a reinstatement petition and Employer, in his answer, stated that payments were presently being made. Petitioner, at the July 14, 1981 hearing scheduled on the reinstatement and suspension petitions, offered no evidence concerning the date compensation was stopped.[5]
Petitioner finally contends that Employer established no reasonable basis for his contest and therefore payment of a penalty, counsel fees and costs, pursuant to Sections 413 and 435 of the Act should have been imposed. The standard for the award of counsel fees is found in Section 440 of the Act,[6] and is different from the standard for the imposition of a penalty. See M.A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board, 86 Pa. Commonwealth Ct. 353, 485 A.2d 93 (1984). Our review shows that the record contains *499 substantial evidence to support a finding that the contest was reasonable.
Accordingly, we affirm.

ORDER
AND NOW, December 18, 1986, the order of the Workmen's Compensation Appeal Board, No. A-86742, dated August 23, 1985 is affirmed.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §774.1. This section provides in pertinent part:

Any insurer who suspends, terminates or decreases payments of compensation without submitting an agreement or supplemental agreement therefor as provided in Section 408, or a final receipt as provided in Section 434, or without filing a petition and either alleging that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of the petition or having requested and been granted a supersedeas as provided in this section, shall be subject to penalty as provided in Section 435.
[2] 77 P.S. §991. This section provides in pertinent part:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.
77 P.S. §991(d)(i).
[3] Since neither the dismissal of the reinstatement nor the suspension petition was appealed, we will not address either petition.
[4] We note that even if a violation of the Act were apparent from the record a penalty is not automatic. As we held in Department of Labor and Industry v. Workmen's Compensation Appeal Board, 41 Pa. Commonwealth Ct. 456, 399 A.2d 1145 (1979), the imposition of a penalty is left to the discretion of the referee.
[5] At the hearing Petitioner's counsel stated that he was not prepared to proceed on the reinstatement petition because "compensation was paid to the claimant [Petitioner] in full for the period of time it was improperly withheld from the claimant and I have no reason to proceed on the basis of reinstatement because they had been reinstated as a matter of fact." No evidence on the penalty request was offered at that hearing and no other discussion or evidence on the penalty issue appeared thereafter in the record.
[6] 77 P.S. §996.