**ESSROC MATERIALS and Zurich American Insurance Group, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BRAHO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 23, 1999.

Decided Sept. 24, 1999.

Daniel W. Deitrick, Carnegie, for petitioners.

Thomas Allen Dill, Sharon, for respondent.

Before COLINS, President Judge, and FRIEDMAN, J., McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Essroc Materials (Employer) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ)(1) to assess a penalty against Employer as a result of Employer's failure to pay compensation to Gerald Braho (Claimant) in accordance with the Workers' Compensation Act[1] (Act), and (2) to award attorney fees against Employer for Employer's unreasonable contest of that penalty. We reverse with respect to the award of attorney fees and affirm in all other respects.

On November 9, 1993, while working as a tractor-trailer driver for Employer, Claimant was injured when he fell from his trailer. (WCJ's Findings of Fact, Nos. 4, 7.) Although he continued to experience pain, Claimant returned to work for Employer on July 20, 1994. (WCJ's Findings of Fact, No. 4.)

On January 25, 1995, Claimant and Employer entered a Supplemental Agreement, whereby Employer agreed to pay Claimant partial disability payments. (WCJ's Findings of Fact, No. 1; R.R. 4a.) In the Supplemental Agreement, the parties agreed that, based on a rate of $146.56 per week, Employer would pay Claimant a lump sum of $1,905.28 in compensation for the thirteen-week period from July 20, 1994 through October 18, 1994; and, based on a rate of $154.14 per week, Employer would pay Claimant a lump sum of $2,003.82 for the thirteen-week period from October 19, 1994 through January 17, 1995.[2] (R.R. 4a.) The Supplemental Agreement provided that, thereafter, the rate of compensation would vary. (R.R. 4a.)

On May 17, 1995, Claimant filed a Review Medical Petition alleging that Employer had not paid certain medical bills

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. In the Supplemental Agreement, the parties agreed that, for the period from July 20, 1994 through October 18, 1994, Claimant had a weekly earning capacity of $501.44, which was $219.83 less than his pre-injury wage of $721.27, thus entitling Claimant to $146.56 per week in partial disability benefits ($721.27—$501.44 = $219.83 × ⅔ = $146.56). For the period from October 19, 1994 through January 17, 1995, the parties agreed that Claimant's weekly earning capacity was $490.05, or $231.22 less than his pre-injury wage, entitling Claimant to $154.14 per week in partial disability benefits ($721.27—$490.05 = $231.22 × ⅔ = $154.14). The Supplemental Agreement provided that the total compensation due Claimant for the period from July 20, 1994 through January 17, 1995 was $3,909.10 ($1,905.28 + $2,003.82). The parties further agreed that Claimant's compensation after January 15, 1995 would be at "varies [sic] rates." (R.R. 4a.)

that were causally related to Claimant's work injury. (WCJ's Findings of Fact, No. 1.) Simultaneously, Claimant filed a penalty petition (first penalty petition), alleging that, since January 17, 1995, Employer had failed to pay Claimant compensation in accordance with the Supplemental Agreement. Although phrased in this fashion, it was clear that Claimant was contending that Employer's payments of his compensation at thirteen-week intervals violated the Act. On October 3, 1995, the WCJ entered an interlocutory order, directing Employer to pay compensation benefits to Claimant on a periodic basis of not less than once every two weeks. (WCJ's Findings of Fact, No. 2.) On December 20, 1995, Claimant filed a second penalty petition alleging that Employer had failed to comply with the interlocutory order. (WCJ's Findings of Fact, No. 1.)

By decision dated July 31, 1996, the WCJ granted Claimant's Review Medical Petition but concluded that Employer's contest of Claimant's Review Medical Petition was reasonable. (WCJ's Findings of Fact, No. 11; WCJ's Conclusions of Law, No. 5.) With respect to Claimant's penalty petitions, the WCJ dismissed Claimant's second penalty petition, concluding that Employer's timing of paying Claimant's compensation did not violate the interlocutory order.[3] Thus, the WCJ found that Employer's contest to that penalty petition was reasonable. (WCJ's Findings of Fact, No. 11; WCJ's Conclusions of Law, No. 5; WCJ's Op. at 7, R.R. at 29a.) However, the WCJ concluded that, prior to the WCJ's entry of the interlocutory order on October 3, 1995, Employer violated the Act by paying Claimant's compensation on a quarterly basis.[4] (WCJ's Findings of Fact, No. 8.) Therefore, the WCJ granted Claimant's first penalty petition. In addition, the WCJ found Employer's contest to that penalty petition was unreasonable, and, as a result, ordered Employer to pay attorney fees in the sum of $3,000. (WCJ's Findings of Fact, Nos. 11 and 12.) The WCJ arrived at the $3,000 figure based upon the "apparent time expended, the complexity of the issues and the degree of skill necessary to prosecute these [p]etitions...." (WCJ's Findings of Fact, No. 12.) The WCJ also ordered Employer to pay Claimant a five per cent penalty on all compensation paid to Claimant from January 17, 1995 until July 31, 1996. (R.R. 30a.)

Employer appealed the WCJ's decision with respect to Claimant's first penalty petition to the WCAB. In affirming the WCJ's order, the WCAB specifically noted that section 308 of the Act, 77 P.S. § 601, requires an Employer to pay compensation in periodic installments identical to those employer used to pay wages to the employee before the injury. Because the record revealed that Employer paid Claimant on a weekly basis prior to his injury, and because Employer acknowledged that it paid Claimant's compensation on a quarterly basis, the WCAB concluded that substantial evidence supported the WCJ's finding that Employer violated the Act by making dilatory payments to Claimant. (WCAB's op. at 6, R.R. 40a.) The WCAB also ruled that it was within the WCJ's discretion to assess a five per cent penalty

---

3. The WCJ found that Employer "did not violate the October 3, 1995 Interlocutory Order because that order specifically permitted [E]mployer to take credit for overpayment of past loss of earning benefits" due Claimant. (WCJ's Findings of Fact, No. 9; WCJ's Conclusions of Law, No. 2.)

4. The WCJ explained that Employer "acknowledged that compensation was being paid to [C]laimant on a quarterly basis. This resulted in [C]laimant being paid compensation in excess of thirteen weeks after compensation would be due.... While a claimant may receive wages on a weekly basis, it has been standard practice that compensation can be paid on a bi-weekly basis. However, there is no provision in the Act that allows payment only on a quarterly basis. Therefore, it is found as a fact that [Employer] was in violation of the Act by making dilatory payments to" Claimant. (WCJ's Findings of Fact, No. 8.)

against Employer as a result of Employer's violation of the Act. (WCAB's op. at 6, R.R. 40a.) The WCAB further determined that, based on the WCJ's finding that Employer violated the Act, the WCJ was justified in assessing attorney fees for unreasonable contest. (WCAB's op. at 6, R.R. 40a.) Finally, the WCAB ruled that the WCJ's assessment of $3,000 in attorney fees was reasonable in light of the WCJ's statement "that he based the award on apparent time expended, the complexity of the issues involved, and the degree of skill necessary to prosecute the [p]etitions in this case." (WCAB's op. at 7, R.R. at 41a.)

On appeal to this court,[5] Employer argues that (1) the WCJ's finding that Employer violated the Act is not supported by substantial evidence[6] because Claimant agreed to the quarterly payments; (2) Employer met its burden of proving a reasonable contest to Claimant's first penalty petition; and (3) the WCJ's award to Claimant's counsel of $3,000 in attorney fees was arbitrary. (Employer's brief at 3.)

### Violation of the Act

■ Section 308 of the Act, 77 P.S. § 601, in furtherance of "the inherent hu-manitarian purposes" of the Act, requires that compensation be paid in the same periodic installment as a claimant's wages were paid before the injury,[7] thus "alleviat[ing] the economic burdens caused by a claimant's loss of earning power." *Royal v. Workers' Compensation Appeal Board (Mayfield Foundry, Inc.)*, 722 A.2d 1145, 1149 (Pa.Cmwlth.1999). Otherwise claimants and their families, accustomed to receiving wages at weekly or bi-weekly intervals, may suffer financial detriment when they must wait ten or eleven additional weeks for the next payment. Here, because Employer paid Claimant's pre-injury wages on a weekly basis, Employer's payment of Claimant's compensation on a quarterly basis indisputably failed to comply with the Act.

Employer, however, argues that it did not violate the Act because "Claimant accepted the method of payment ... when the Supplemental Agreement was executed on January 25, 1995" and did not complain about the infrequency of the compensation payments at that time or at any time prior to the filing of Claimant's first penalty petition. (Employer's brief at 10–11.) We disagree.

The Supplemental Agreement is silent with respect to the frequency of Employ-

---

5. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ryan v. Workman's Compensation Appeal Board (Community Health Services)*, 550 Pa. 550, 707 A.2d 1130 (1998).

6. Employer also argues that the WCJ's finding that Employer violated the Act was not a "reasoned decision." (*See* Employer's brief at 12.) Section 442(a) of the Act, 77 P.S. § 834, requires that a WCJ's decision must be a "reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decision so that all can determine why and how a particular result was reached." Here, we need not address Employer's argument that the WCJ's finding was "an unreasoned decision"; even if Employer had raised this argument before the WCAB, Employer's failure to raise it in its petition for review or in the part of its brief reserved for the Statement of Questions Involved precludes our review. *See Associated Town "N" Country Builders, Inc. v. Workmen's Compensation Appeal Board (Marabito)*, 95 Pa.Cmwlth. 461, 505 A.2d 1358 (1986), *aff'd*, 515 Pa. 564, 531 A.2d 425 (1987); *Firman v. State Board of Medicine*, 697 A.2d 291 (Pa.Cmwlth.1997), *appeal denied*, 550 Pa. 722, 706 A.2d 1215 (1998). In any event, the WCJ's decision comported with the statute.

7. Section 601 states: "Except as hereinafter provided, all compensation payable under this article shall be payable in periodic installments, as the wages of the employe were payable before the injury."

er's payments to Claimant. Although the Supplemental Agreement indicates that Employer was to pay Claimant in separate lump sum payments covering thirteen week intervals for the periods from July 20, 1994 through October 18, 1994 and October 19, 1994 through January 17, 1995, the Supplemental Agreement does not specify the timing of payments for compensation after January 17, 1995. We have uncovered nothing in the record to indicate that Claimant agreed to quarterly payments.[8]

■ Also, the fact that Claimant may not have complained about the timing of the payments does not permit Employer to flout the Act. The Act recognizes the unequal bargaining positions between claimants and employers and was designed to protect claimants from this type of abuse by employers. Where the legislature has clearly set out an employer's obligation to a claimant, a claimant is not required to complain to his or her employer before that employer can be found to have violated the Act. Hence, the fact that Claimant here did not complain to Employer about the infrequency of the payments is irrelevant.

■ Finally, contrary to Employer's contention, (*see* Petition for Review at ¶ 6), a claimant is not required to establish that Employer's method of payment constituted an "undue hardship" before an employer may be found to have violated the Act. This argument misapprehends the burden of proof in penalty proceedings. It is the employer, not the claimant, who bears the burden of proving that no violation of the Act occurred. *See Ortiz v. Workmen's Compensation Appeal Board (Fair Tex, Inc.),* 102 Pa.Cmwlth. 493, 518 A.2d 1305 (1986). Thus, in determining whether Employer violated the Act, it is irrelevant whether Claimant suffered harm. For these reasons, we cannot agree with Em-

ployer that its obvious disregard of the plain statutory language was not a violation of the Act.

Penalty Assessment

■ Where there has been a violation of the Act, the WCJ may assess a penalty not exceeding ten per cent of the amount awarded. Section 435(d)(i) of the Act, 77 P.S. § 991. Assessment of penalties, as well as the amount of penalties imposed, is discretionary, and, absent an abuse of discretion by the WCJ, we will not overturn a penalty on appeal. *Crucible, Inc. v. Workers' Compensation Appeal Board (Vinovich),* 713 A.2d 749 (Pa.Cmwlth.1998). Even if a violation of the Act is apparent in the record, imposition of a penalty is left to the discretion of the WCJ. *Devault Packing Co., Inc. v. Workmen's Compensation Appeal Board (Jones),* 670 A.2d 741 (Pa. Cmwlth.1996), *appeal denied,* 546 Pa. 670, 685 A.2d 548 (1996). Moreover, there is no requirement that the employer must have knowingly violated the Act before penalties may be imposed. *Id.* Here, because Employer violated the Act, the WCJ had discretion to assess a penalty not exceeding ten per cent of the amount awarded. Section 435(d)(i) of the Act, 77 P.S. § 991. *See also Crucible, Inc.*

Employer asserts that the WCJ abused his discretion in assessing a penalty and offers four arguments in support of that assertion. First, Employer claims that it did not violate the Act because Claimant, by signing the Supplemental Agreement, accepted the quarterly payments and because Claimant did not complain to Employer about the infrequency of the payments or demonstrate that the quarterly payments caused him undue hardship. (Employer's brief at 10–11.) As explained above, these arguments are unavailing to Employer.

---

8. Because the Supplemental Agreement did not specify the frequency of payments, we are not faced with a situation where the claimant agreed to payments made less frequently than

the Act requires and, therefore, we do not decide that issue. Consequently, our opinion should not be construed as condoning agreements that violate the provisions of the Act.

Second, Employer maintains that the penalty assessment was an abuse of the WCJ's discretion because the WCJ found that Employer did not violate the WCJ's interlocutory order directing Employer to make payments on a weekly or bi-weekly basis. We agree that Employer did not violate the interlocutory order. However, the WCJ did not assess a penalty in connection with Claimant's second penalty petition; rather the WCJ imposed the penalty with respect to the first penalty petition based on his finding that Employer's quarterly payments to Claimant **prior to the entry of the interlocutory order** violated the Act. Because Employer violated the Act, it was within the WCJ's discretion to assess a penalty against Employer.

Third, Employer contends that the penalty was an abuse of the WCJ's discretion because, once the WCJ entered his interlocutory order requiring weekly or bi-weekly payments, Employer complied with the order and the Act. (Employer's brief at 7, 11.) We disagree. Although Employer promptly discontinued its violation of the Act once the WCJ entered his interlocutory order, the fact remains that Employer violated the Act by making quarterly payments to Claimant from January 25, 1995, the date of the Supplemental Agreement, to October 3, 1995, the date of the interlocutory order.

Fourth, Employer asserts that the penalty was an abuse of the WCJ's discretion because Claimant was not owed any compensation during the time period of the violation. (Employer's brief at 8, 12–13.) Employer reasons that, because it was entitled to a credit for overpayment of $2,186.20, (*See* WCJ's Findings of Fact, No. 9), there was, in fact, no violation of the Act. Employer is correct that, for the period from January 18, 1995 through October 17, 1995, Employer owed Claimant compensation in the amount of $3,924.03, but paid Claimant $6,110.23, resulting in an overpayment of $2,186.20. ($6,110.23 − $3,924.03.) (*See* Hearing Exhibit D.) How-

ever, Claimant was entitled to receive the $3,924.03 during that time period in weekly or bi-weekly, not quarterly, payments. Therefore, we do not agree that Employer's overpayment negates its violation of the Act.

In sum, because Employer violated the Act and failed to provide a valid excuse or explanation for its failure to pay Claimant's compensation in a timely manner, the WCJ did not abuse his discretion in assessing a penalty against Employer. *See Crucible, Inc.*

## Attorney fees

Section 440 of the Act, 77 P.S. § 996(a), states in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part, ... the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee.... Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

We have held that, under section 440, the award of attorney fees is the rule in workers' compensation cases and their exclusion is the exception, to be applied only in cases where an employer's contest is reasonably based. *Milton S. Hershey Medical Center v. Workmen's Compensation Appeal Board (Mahar)*, 659 A.2d 1067 (Pa. Cmwlth.1995).

Whether an employer's contest is reasonable is a question of law fully reviewable by this court. *Elite Carpentry Contractors v. Workmen's Compensation Appeal Board (Dempsey)*, 161 Pa.Cmwlth. 89, 636 A.2d 250 (1993). The burden of proving reasonable contest is on the employer. *Id.* Unless the employer establishes that its contest was prompted to resolve a genuinely disputed issue, we will

presume that the contest was unreasonable. *Id.*

■ Here, employer contends that Claimant's failure to request attorney fees during the course of the litigation bars an award of attorney fees.[9] (Employer's brief at 17.) Although Claimant's brief is surprisingly silent on this point, we are constrained to agree with Employer. In *Ramich v. Workers' Compensation Appeal Board (Schatz Electric, Inc.),* 734 A.2d 39 (Pa.Cmwlth.1999), we recently held, despite two strong dissenting opinions to the contrary,[10] that, to be entitled to an award of attorney fees for an employer's unreasonable contest under section 440 of the Act, a claimant must request attorney fees prior to the close of the record. Because *Ramich* is controlling precedent, we are bound by the doctrine of stare decisis to apply it here. Accordingly, because there is no indication in the record that Claimant requested attorney fees at any time, the WCJ erred by *sua sponte* awarding Claimant attorney fees under section 440 of the Act, 77 P.S. § 996.[11]

For the foregoing reasons, we reverse the WCAB with respect to the award of attorney fees, and we affirm the WCAB in all other respects.

## O R D E R

AND NOW, this 24th day of September, 1999, the order of the Workers' Compensation Appeal Board (WCAB), dated January 11, 1999, is reversed with respect to the award of attorney fees and is affirmed in all other respects.

9. Because Claimant's failure to request attorney fees bars the award of fees, we need not consider Employer's alternative argument that there was a genuine dispute as to whether Employer violated the Act. We do note here, however, that we find Employer's argument unconvincing. Employer reasons that, because it paid Claimant compensation in accordance with the Supplemental Agreement and because Claimant did not complain about the infrequency of the payments, Employer reasonably contested Claimant's first penalty petition. (Employer's brief at 16.) As stated previously, the Supplemental Agreement did not specify the timing of payments for compensation after January 17, 1995. Thus, Employer could not have reasonably relied upon the Supplemental Agreement to challenge Claimant's first penalty petition. It was also unreasonable for Employer to rely upon Claimant's failure to complain about the infrequency of the payments to counter Claimant's first penalty petition. As indicated, a claimant need not complain about an Employer's conduct before that conduct may be construed as a violation of the Act.

10. *See Ramich* (Friedman, J., dissenting) and (McGinley, J., dissenting).

11. Employer also argues that the WCJ's findings with respect to the assessment of attorney fees constitute an "error of law" because of the absence of any evidence reflecting the time spent by Claimant's counsel in preparing and prosecuting the penalty petition. (Employer's brief at 16–17.) Section 440 of the Act, 77 P.S. § 996(b), requires that the WCJ "must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and **actually** expended." (Emphasis added.) Here, the WCJ arrived at his conclusion to award $3,000 as attorney fees based solely upon what was "**apparent**" to the WCJ, as opposed to the time and effort **actually** expended by Claimant's attorney. (WCJ's Findings of Fact, No. 12.) (Emphasis added.) Thus, the WCJ's findings failed to comport with section 440. However, because of our decision that the WCJ erred by assessing attorney fees for unreasonable contest in the absence of Claimant's request for fees, no point would be served by remanding this matter to the WCJ to make the otherwise necessary findings.